# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP BONNETTE,<br><br>            Plaintiff,<br><br>       v.<br><br>JEAN L. FORD,<br><br>            Defendant. | Case No. 1:15-cv-00501-LJO-SMS<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THE COURT DISMISS THE COMPLAINT FOR LACK OF JURISDICTION<br><br>(Doc. 1) |

On April 1, 2015, Plaintiff Phillip Bonnette, proceeding *pro se* and *in forma pauperis,* filed a complaint against Defendant Jean L. Ford, his former wife, raising claims of (1) of fraud in the inducement; (2) of fraud in the concealment; (3) of intentional infliction of emotional distress; and (3) to quiet title to real property.  These claims arise from Defendant's authorizing a deed of trust on Plaintiff's solely owned property, allegedly in an attempt to secure its ownership.  Plaintiff seeks compensatory, special, general, and punitive damages, declaratory relief, and rescission.  Because this Court lacks subject matter jurisdiction over Plaintiff's dispute, the undersigned recommends that the Court dismiss this case.

## I.     Screening Requirement

The court has inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the parties. *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).  In cases in which

the plaintiff is proceeding *in forma pauperis*, the Court must screen the complaint and dismiss it at any time that the Court concludes that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "Notwithstanding any filing fee, or portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.     Procedural and Factual Allegations

Plaintiff complains that Defendant concealed a loan secured by Plaintiff's solely owned real property in Dunlap, California, as part of a fraudulent scheme to steal the property. As a result of Defendant's fraudulent actions, Plaintiff seeks to quiet title to his property. Plaintiff also contends that Defendant secured a fraudulent restraining order against him.

## III.    No Diversity Jurisdiction

A district court may exercise diversity jurisdiction over a civil action in which the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and is, among other things, between citizens of different states. 28 U.S.C. § 1332(a). Since Plaintiff and Defendant are both California residents, the Court does not have jurisdiction over this case based on diversity.

## V.     No Federal Question Jurisdiction

Federal question jurisdiction exists when the plaintiff's claim arises under the U.S. Constitution, treaties, federal statutes, administrative regulations of common law. 28 U.S.C. § 1331. Claims of fraud, torts such as intentional infliction of emotional distress, and actions to quiet title to real property are matters of California state law. Plaintiff alleges that this Court has jurisdiction over his claims based on Defendant's violations of the United States Constitution, 42 U.S.C. § 1983, and 28 U.S.C. § 2201.

To state a claim under § 1983, a plaintiff must allege that (1) a defendant acting under color of state law (2) deprived him of rights secured by the Constitution or federal statutes. *Gibson v.*

2

*United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).  A defendant acts under color of state law when he or she has "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"  *West v. Atkins*, 487 U.S. 42, 49 (1988). Generally, private parties, such as the Defendant in this case, are not acting under color of state law. *See Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991).  In the absence of allegations of joint action or conspiracy, that Defendant sought relief in the Monterey County Superior Court (where the parties' divorce action was venued), utilized the services of a notary public, or filed documents in the Office of the Fresno County Recorder's Office does not make her a state actor.

Nor does the right of federal courts to grant declaratory judgments under 28 U.S.C. § 2201 confer jurisdiction on matters not otherwise subject to federal jurisdiction.  This Court has no jurisdiction over the state claims that are the subject of this action.  Although 28 U.S.C. § 1367(a) provides for supplemental jurisdiction in any civil action in which the district court has original jurisdiction, the district court must first have such jurisdiction.  Since the Court lacks either diversity or federal question jurisdiction, it lacks jurisdiction over the state claims alleged in this action.

**VI.     No Jurisdiction For Appeal of State Judgment**

In a separate document (Doc. 3), Plaintiff submitted state court documents relating to the disposition of the property in his and Defendant's divorce action.  Inclusion of these documents suggests that Plaintiff may intend this action to function as an appeal of the state court's orders.

An appeal of the state court's judgment in the divorce case must be brought in the California Court of Appeals, and thereafter, in the California Supreme Court.  Ultimately, federal appellate jurisdiction of state court judgments rests in the United States Supreme Court, not in the federal district court.  28 U.S.C. § 1257.  A federal district court lacks subject matter jurisdiction to hear an appeal of a state court judgment (the Rooker-Feldman Doctrine).  *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).  *See also Bianchi v. Rylaarsdam*, 334 F.3d 895, 896 (9th Cir. 2003).  A federal complaint must be

dismissed for lack of subject matter jurisdiction if the claims raised in the complaint are inextricably intertwined with the state court's decisions so that adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules. *Bianchi*, 334 F.3d at 898.  Put another way, a claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it or if the relief requested in the federal action would effectively reverse the state court's decision or void its ruling. *Fontana Empire Center, LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002).  The Rooker-Feldman Doctrine applies to federal "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005).

To the extent that the California Superior Court previously addressed ownership of the property that is the subject in this action, as the submitted state court documents indicate, this Court lacks jurisdiction to conduct such a review.  Accordingly, if Plaintiff intended to allege cognizable federal claims relating to the state court's adjudication of the parties' property rights coincident with their divorce, this Court lacks jurisdiction, and Plaintiff's complaint must be dismissed.

### VII. Conclusion and Recommendation

The Court lacks subject matter jurisdiction over Plaintiff's dispute with Defendant. Accordingly, the undersigned recommends that the Court dismiss this case for lack of jurisdiction.

These findings and recommendations are submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fifteen (15) days after being served with a copy, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The Court will then review the Magistrate Judge's ruling

pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 6, 2015**                               **/s/ Sandra M. Snyder**
                                                          UNITED STATES MAGISTRATE JUDGE